**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BAYARDO RENO SANDY,

    Plaintiff - Appellant,

v.

THE STATE OF COLORADO; PHIL
WEISER, Colorado Attorney General;
THE UNITED STATES OF AMERICA;
MERRICK BRIAN GARLAND, The
United States Attorney General;
SAGUACHE COUNTY; DAN
WARWICK, Saguache County Sheriff;
BARBARA A. ZOLLARS; KIMBERLY
CORTEZ-RODRIGUEZ; CRISTA
NEWMYER-OLSON; AMANDA
CLAIRE HOPKINS; ANNA NIKOLE
ULRICH, Esq.; MOELLER GRAF P.C.;
KYLE C. WEBERT, Esq.; ALLEN &
CURRY, P.C.; THEODORE ALLEN
WELLS, Esq.; THE BACA GRANDE
PROPERTY OWNERS ASSOCIATION;
STEPHEN C. DOSSENBACK; AYLA
DANIELLE HOEVERS; JANE
ELIZABETH BROOKS, a/k/a Sugandha;
DALE WILLIAM HALLEY; DIEGO
MARTINEZ; JAMES VANDERPOOL;
CONNIE ESTRADA; CHRIS WILLIAM
WHYWBROW,

    Defendants - Appellees.

No. 24-1019
(D.C. No. 1:22-CV-00413-DDD-SKC)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

This lawsuit arises from a dispute between plaintiff Bayardo Reno Sandy and his homeowners association (HOA). Sandy, proceeding pro se, appeals the district court's dismissal of his lawsuit against the HOA and its board members, various governmental entities and officials, and lawyers and judges involved in previous legal proceedings between Sandy and the HOA. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I.    BACKGROUND & PROCEDURAL HISTORY

Sandy owns a parcel of land in Saguache County, Colorado. His land is part of an HOA, known as the Baca Grande Property Owners Association. This appeal arises from Sandy's second federal lawsuit challenging how his HOA has dealt with his property. *See Sandy v. Baca Grande Prop. Owners Ass'n*, No. 20-1413, 2021 WL 4164064 (10th Cir. Sept. 14, 2021) (affirming grant of summary judgment against Sandy in his first lawsuit).

As we previously explained, the HOA issued a permit allowing Sandy to build a home on his property by November 2014. *Id.* at *1. Sandy began work but requested multiple extensions, which the HOA granted. *Id.* In November 2017,

---

ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

however, the HOA denied his request for a further extension.  *Id.*  Sandy then filed a lawsuit in the United States District Court for the District of Colorado, claiming the HOA was discriminating against him based on his Latino ethnicity and his naturalized-citizen status.  *Id.*  The district court granted summary judgment to the defendants in February 2020.  We affirmed in September 2021.  *Id.* at *5.

While that dispute was playing out, the HOA filed an action against Sandy in Saguache County Court seeking permission to demolish parts of what Sandy had already constructed on his property.  That action culminated with an order requiring Sandy to complete his home within six months, barring which the HOA was authorized to demolish it.

Sandy filed the lawsuit now before us in February 2022.  He claimed he attempted to comply with the county court's order but fell from the roof and injured his shoulder, preventing further work.  He further claimed the HOA demolished his unfinished home in January 2022, allegedly in violation of a stay that (he says) automatically came into effect when he filed an appeal from the county court to the state district court.  He named numerous defendants, including (as relevant to his arguments in this appeal) the United States, the HOA, and various current and former HOA board members.  He argued he had been denied due process and federal statutory protections.

As we will explain below, there is some dispute over which defendants were (or should have been) served with process.  In any event, the defendants who appeared all moved to dismiss.  Over Sandy's objection, the district court adopted a

3

magistrate judge's recommendation to grant those motions.  The district court therefore dismissed the case with prejudice.  This appeal timely followed.

## II.    ANALYSIS

"Because [Sandy] is pro se, we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  Our duty of liberal construction is somewhat hindered by Sandy's difficult-to-follow briefing.  He lists twenty issues on appeal but many of them appear to overlap, and his briefing is filled with material that is not obviously relevant.  As best we can tell, Sandy's arguments fall into three topical groupings: judicial bias; erroneous denial of entry of default against certain defendants; and the district judge's arbitrary failure to enforce his own practice standards.  We address these arguments in that order.

### A.    Judicial Bias

Sandy claims the magistrate judge who recommended dismissal showed evidence of bias against him.  The only instance of alleged bias Sandy included in his district-court objection arose from the magistrate judge's recommendation that the federal judicial officers who presided over his previous federal lawsuit (Judge Raymond P. Moore and Magistrate Judge Kathleen M. Tafoya) should be dismissed as defendants based on absolute judicial immunity and failure to serve them with process.  Sandy claims he never named Judges Moore or Tafoya as defendants, so the magistrate judge showed his bias against him when he went out of his way to recommend their dismissal.

4

The district court affirmed the substance of this recommendation (dismissal based on judicial immunity and failure to serve process) without discussing the basis for Sandy's bias claim (*sua sponte* dismissal of nonparties). Regardless, Sandy's accusations against the magistrate judge fail to demonstrate bias. We agree Sandy never named Judges Moore or Tafoya as defendants, but we also see why the magistrate judge could have thought otherwise. Sandy's complaint alleged that "[t]he USA via its employees Hon. Moore and Hon. Magistrate Tafoya" made errors in the previous lawsuit. R. vol. 1 at 46, ¶¶ 66, 67; *see also id.* at 47, ¶ 68 (making a similar accusation solely against "[t]he USA via its employee[] Hon. Moore"). As we will describe more below, Sandy tells us he meant this as a type of *respondeat superior* claim. In any event, we see why the magistrate judge might have misunderstood what Sandy was trying to plead, and we see no evidence of bias in the magistrate judge's *sua sponte* analysis as to these (perceived) defendants.

As to other allegations of the magistrate judge's bias, Sandy never raised them in his objection to the recommendation, so we apply our firm waiver rule and do not reach them. *See Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781 n.23 (10th Cir. 2021).

Sandy also claims the district judge was biased toward the United States based on the judge's apparently friendly relationship with an attorney in the United States Attorney's Office for the District of Colorado, and biased toward the State of Colorado based on the judge's previous position as the State's solicitor general. These allegations are based on misunderstandings and speculation and are meritless

5

on that account. To the extent Sandy means to say the district judge's rulings against him are evidence of bias, "adverse rulings cannot in themselves form the appropriate grounds for disqualification," *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (internal quotation marks omitted). We therefore reject Sandy's attacks on the district judge's neutrality.

## B.    Entry of Default

As part of adopting the magistrate judge's recommendation and dismissing Sandy's case, the district court denied as moot Sandy's pending motions for entry of default against:

- the United States, which Sandy claims to have properly served, and which never appeared;

- former HOA board member Ayla Hoevers, whom Sandy also claims to have properly served, and who never appeared; and

- the HOA itself and certain current or former board members except Hoevers, who waived service of process and appeared, but whose waivers (according to Sandy) were ineffective because they were late and were impermissibly re-dated by their attorney to appear timely— meaning (again, from Sandy's perspective) they effectively failed to appear.

Sandy claims the district court erroneously denied his motions for entry of default. Whether he properly served any of these defendants or whether any of them entered a timely appearance is a secondary question, however. "Even if an entry of default had been appropriate, it would not have been sufficient to entitle [Sandy] to a judgment against [any defendant]." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). In determining whether to grant default judgment, the district court must still

6

"consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (internal quotation marks omitted). Assuming for argument's sake that the district court erroneously denied Sandy's motions for entry of default, the error was harmless absent a legitimate cause of action against the relevant defendants. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

Regarding the HOA and its board members, the magistrate judge recommended that, among Sandy's "dozens of claims," Suppl. R. vol. 1 at 24, those apparently directed at nongovernmental parties should be dismissed for failure to state a claim, for various reasons. Sandy's objection did not challenge any of this reasoning. He has therefore waived any argument that he has a viable cause of action against the HOA and its board members, *see Sinclair*, 989 F.3d at 781 n.23, and we need not discuss them further.[1]

Sandy's claim against the United States reaches back to his first federal lawsuit. There, he alleged the HOA had violated his rights under a number of federal statutes, including the Fair Housing Act (FHA). *See Sandy*, 2021 WL 4164064, at *1. The district court rejected Sandy's interpretation of the FHA and Sandy appealed to

---

[1] Sandy's opening brief likewise does not discuss whether he has viable causes of action against the nongovernmental parties. Thus, any such argument is doubly waived. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

this court, arguing the district court's reasoning contradicted an earlier District of Colorado case—the "*Arnal*" case—in which the Attorney General had submitted a statement of interest interpreting the FHA in a manner Sandy viewed as favorable to his claim. *See id.* at *4. We rejected this argument and affirmed the district court's interpretation of the FHA. *Id.*

In this current lawsuit, Sandy claims to be suing the United States in its capacity as the employer of Judges Moore and Tafoya, who presided over the first lawsuit. He says the United States is liable in tort on behalf of its employees, especially Judge Moore, who departed from the *Arnal* case without explanation, allegedly in violation of the doctrine of *stare decisis*. He further describes this as a violation of his due process right to be heard.

Simply describing the claim shows it cannot succeed. There is no such tort, and Sandy's earlier lawsuit, in which he litigated the FHA issue, shows he was never deprived of his right to be heard on this claim. Sandy is merely attempting to reopen an issue already decided against him.

In short, because Sandy could not have obtained default *judgment* against the parties against whom he sought *entry* of default, his arguments regarding entry of default are moot.

### C.    District Judge's Practice Standards

Finally, Sandy claims the district judge arbitrarily failed to enforce his own practice standards against the defendants. He refers specifically to practice standards discouraging motions to dismiss and prescribing their format. But, as already

8

explained, Sandy has no viable claims for relief. Any error we might find as to the district judge's application of his practice standards—and we do not imply that we see any error—would therefore be harmless. *See* Fed. R. Civ. P. 61.

## III.    PENDING MOTIONS

We grant Sandy's motion to proceed on appeal without prepayment of costs or fees.

We deny Sandy's motion to supplement the appellate record with materials outside the district court record. His first proposed document is the district court's order adopting the magistrate judge's recommendation, which is already in the record. The remaining proposed documents are not relevant to the issues decided above.

We deny Sandy's motion to strike the answer brief filed by the HOA, its board members (other than Hoevers), and its previous attorneys.

## IV.    CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

9